IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMANTHA FORD, on behalf of herself and all others similarly situated, | Case No. 08 C 804 |
| Plaintiff, | Hon. Amy J. St. Eve |
| v. | |
| SPIN MASTER LTD. and SPIN MASTER, INC., | |
| Defendants. | |

**DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

      This lawsuit is substantially similar to eight other putative national class actions filed across the country and relating to the voluntary recall of Aqua Dots, a children's toy manufactured in China. These lawsuits seek economic damages relating to the recall. Defendants Spin Master Ltd. and Spin Master, Inc. respectfully move this Court to stay all proceedings in this action (including the time to answer or otherwise respond to Plaintiff's Complaint) until the resolution of their pending motion before the Judicial Panel on Multidistrict Litigation ("JPML") for transfer of this case, together with the eight other cases, to a single court for coordinated pretrial management pursuant to 28 U.S.C. § 1407.[1] The JPML has set the hearing on the consolidation motion to occur soon, on March 27, 2008.

      Pending the hoped establishment of a single MDL proceeding, a stay of proceedings is necessary and appropriate to achieve the judicial economies which underlie Section 1407. Absent a stay, the Court would spend valuable time and resources supervising

---

[1] Defendants are seeking a stay in each of the other cases as well, and to date courts in five of those cases have entered a stay order.

pretrial proceedings and making rulings in a single case over which it may lose jurisdiction and would never see again or, alternatively, may be consolidated here with the other eight lawsuits not currently before this Court. Should this Court refuse to enter a stay, Defendants would be significantly and unfairly prejudiced by having to duplicate discovery.

## **BACKGROUND**

This case involves allegations related to a line of toys allegedly distributed by Defendants called "Aqua Dots." Aqua Dots are craft kits that allow children to create various multi-dimensional designs using small colored beads that fuse together when sprayed with water. Unbeknownst to Defendants, the Chinese manufacturer of Aqua Dots substituted 1,4-butanediol for 1,5-pentanediol in manufacturing the coating on Aqua Dots. Plaintiff alleges that Defendants learned of the unsafe nature of Aqua Dots on November 4, 2007. Defendants then worked with the Consumer Product Safety Commission to voluntarily recall all Aqua Dots products on November 7, 2007.

On November 9, 2007, individual plaintiffs started filing putative class action complaints challenging the adequacy of the CPSC-Spin Master voluntary recall and proposing a nationwide class of consumers who purchased Aqua Dots. Seven of these cases were filed in November 2007, and the last two (including this case) were filed in February 2008. Each of them names as a defendant Spin Master Ltd., and seven of them also name as a defendant its wholly-owned U.S. subsidiary, Spin Master, Inc.

On January 22, 2008, Defendants filed with the JPML a Motion for Consolidation and Transfer of the first seven cases because it would be inefficient and inconvenient for all parties to allow pretrial matters to proceed in separate as opposed to consolidated cases. (A copy of that Motion, as well as the notice to the JPML of this "tag along" action, have been filed in this case as docket 10.) Defendants have urged that all seven of those cases, together with this

case and the other February 2008 case, be transferred by the JPML to either the Northern District of Illinois or to a court in the Eastern District of Arkansas. The JPML has set the Motion for Consolidation and Transfer to be heard on March 27, 2008. Defendants internally have issued a litigation stay, retaining both hard and electronic records, thus no prejudice to discovery will occur in the short interim.

There is benefit to be gained by waiting until the MDL Panel decides the consolidation request. If an MDL is created, the JPML will determine which judge should handle the consolidated proceeding. That MDL judge will presumably appoint a Steering Committee of Plaintiffs' counsel and let all parties know of his or her expectations concerning discovery and other pretrial matters. Discovery and depositions will then proceed across all cases, consistent with those expectations. This Court clearly has the authority to suspend discovery in this case under these circumstances. By doing so, this Court would promote efficiencies and economies for both this Court and the parties.

## ARGUMENT AND AUTHORITIES

**I. THIS CASE SHOULD BE STAYED PENDING THE JPML'S TRANSFER DECISION.**

Guided by the "policies of justice and efficiency," this Court should exercise its discretion to stay all further proceedings here pending the JPML's decision. *Boudreaux v. Metropolitan Life Ins. Co.*, No. 95-138, 1995 WL 83788, *1 (E.D. La. Feb. 24, 1995). The power to stay is well established and particularly apt here. It is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Texas Indep. Producers v. Environmental Protection Agency,* 410 F.3d 964, 980 (7th Cir. 2005) (same); *Radio Corp. of America v. Igoe*, 217 F.2d 218, 220 (7th Cir. 1955) (same); *Sonkin v. Barker*, 670 F. Supp. 249, 253 (S.D. Ind. 1987) (same). Numerous courts have

3

stayed proceedings pending determinations by the JPML on the appropriateness of coordination under Section 1407. *See, e.g., U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. Civ. A 3:02-CV-0853-P, 2002 WL 31114069 (N.D. Tex. Sept. 23, 2002); *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997); *American Seafood, Inc. v. Magnolia Processing*, Nos. Civ. A. 92-1030, 92-1086, 1992 WL 102762 (E.D. Pa. May 7, 1992); *Arthur-Magna, Inc. v. Del-Val Fin Corp.*, No. Civ. A. 90-4378, 1991 WL 13725 (D.N.J. Feb. 1, 1991); *Rosenfeld v. Hartford Fire Ins. Co.*, Nos. 88 Civ. 2153 (MJL), 88 Civ. 2252 (MJL), 1988 WL 49065 (S.D.N.Y. May 12, 1988); *Portnoy v. Zenith Labs.*, No. Civ. A. 86-3512, 1987 WL 10236 (D.D.C. Apr. 21, 1987).

When deciding whether to issue a stay pending a decision by the JPML, courts look at (1) considerations of judicial economy and (2) relative prejudice to the parties. *Rivers*, 980 F. Supp. at 1360. As described below, consideration of both these factors favor this Court granting a stay of this action.

    **A.**     **Judicial Economy Mandates a Stay.**

If this case and the other eight cases are transferred to a single court by the JPML, that court will establish discovery and pretrial proceedings for all of the cases. Because of this, much work would be duplicated needlessly if pretrial proceedings and discovery go forward in this action before the JPML has an opportunity to rule.

For example, if this Court were not to issue a stay, it could well make rulings that would be reconsidered were the case to be transferred. As the court in *U.S. Bank* noted in granting the defendant's motion to stay, "[i]f the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted." *U.S. Bank*, 2002 WL 31114069 at *2. The Court should not expend its limited resources "familiarizing itself with the intricacies of a case that would be heard by another judge." *Rivers*, 980 F. Supp. at 1360. Even holding status conferences or issuing discovery orders can be

4

inefficient. "[E]fforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation." *Id.* Similarly, in granting a stay the court in *Rivers* explained "there are no guarantees that an order by this Court would not later be vacated and this Court's investment of time and resources would have been in vain." *Rivers*, 980 F. Supp. at 1361. In fact, if this case is transferred to an MDL, it is possible that this Court will never see this case again: most cases are resolved at the MDL stage, and the percentage transferred back to the original transferor court is typically in the low single digits. *See* Marc Galanter, *The Vanishing Trial: An Examination of Trials and Related Matters in Federal and State Courts*, 1 J. Emp. Leg. Studies 459 (2004), *available at* http://www.abanet.org/litigation/vanishingtrial/vanishingtrial.pdf.

Even if the JPML consolidates the nine actions for pretrial proceedings before this Court, any matters addressed in the single case likely would need to be decided anew after the arrival in this Court of the parties from the other actions, thus little or no time advantage would be gained by the effort. To avoid the risk of inconsistent legal rulings, duplicative pretrial proceedings, duplicative discovery orders, and the waste of judicial resources, this Court should stay the proceedings.

**B.　Without a Stay, Defendant Will Be Prejudiced Unnecessarily While Plaintiff Will Suffer Minimal or No Prejudice.**

In addition to the waste of judicial resources inherent in proceeding with this matter prior to a decision by the JPML, Defendant would be substantially prejudiced by duplicative discovery and motion practice if a stay is not put in place. *See American Seafood*, 1992 WL 102762 at *2 (holding that "[t]he duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to defendants weigh heavily in favor of a stay"). Without a stay, the risk exists that Defendants will have to produce their

5

witnesses multiple times in different jurisdictions. Moreover, Defendants will be required to respond to redundant written discovery requests.

Similarly, the consolidation of these nine cases for pretrial proceedings will likely result in the filing of a consolidated amended complaint, to which Defendants then will answer or otherwise respond. Without a stay pending a decision by the JPML, Defendants eventually will be required to expend their resources unnecessarily in responding to multiple complaints.

In contrast, a stay will not unduly prejudice Plaintiff in this matter, who must be deposed only once, and in only one case. Plaintiff will not be prejudiced by a limited delay, either in discovery or in receiving an answer to the Complaint. This Court should therefore stay all proceedings in this matter pending a decision by the JPML.

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that this Court grant their Motion To Stay All Proceedings Pending Transfer Decision by the JPML.

Respectfully submitted,

SPIN MASTER LTD. and SPIN MASTER, INC.

By: /s/ Thomas J. Wiegand
    One of their attorneys

Ronald Y. Rothstein
Thomas J. Wiegand
twiegand@winston.com
Bryna J. Dahlin
Joanna E. Clarke-Sayer
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone (312) 558-5600
Facsimile (312) 558-5700

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2008, I filed the above and foregoing with the Court's ECF system and by doing so served a copy on all the parties.

/s/ Thomas J. Wiegand
ATTORNEY FOR SPIN MASTER